UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

IN RE TOWER AUTOMOTIVE
SECURITIES LITIGATION.

                            05 Civ. 1926 (RWS)

                            Memorandum
                            Opinion & Order

-----------------------------------------X

A P P E A R A N C E S:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/08

Attorneys for Plaintiffs

SHALOV STONE BONNER & ROCCO LLP
285 Seventh Avenue
New York, NY 10018
By:  LEE S. SHALOV, ESQ.
     THOMAS G. CIARLONE, JR., ESQ.

VIANALE & VIANALE LLP
2499 Glades Road, Suite 112
Boca Raton, FL 33431
By:  KENNETH VIANALE, ESQ.
     JULIE PRAG VIANALE, ESQ.

Attorneys for Defendant

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
By:  ROBERT KRAVITZ, ESQ.
     MOSES SILVERMAN, ESQ.

**Sweet, D.J.**

Defendants Anthony A. Barone ("Barone"), Dugald K. Campbell ("Campbell"), Christopher Hatto ("Hatto"), S.A. Johnson ("Johnson"), Kathleen Ligocki ("Ligocki"), James A. Mallak ("Mallak"), Scott D. Rued ("Rued"), and Ernest T. Thomas ("Thomas"), collectively "Defendants," have moved pursuant to Fed. R. Civ. P. 9(b) and 12(c) for judgment on the pleadings in this matter. For the reasons discussed below, the motion will be denied.

**Background**

By an opinion dated April 14, 2007, In re Tower Auto. Sec. Litig., 483 F. Supp. 2d 327 (S.D.N.Y. 2007) (the "April 14 Opinion"), the Court granted in part and denied in part Defendants' previous motion to dismiss the Complaint in this action. The April 14 Opinion, familiarity with which is assumed, discussed the facts as alleged in the Complaint at length, and they will not be repeated here. Left standing after the April 14 Opinion were three securities fraud claims against Defendants alleging material misstatements with regard to: (1) "cost savings and synergies" in the acquisitions of Tower Automotive, Inc. ("Tower"); (2) the magnitude of Tower's

2

early pay programs; and (3) that Tower had "secured a solution" to its fiscal woes.

**Discussion**

The instant motion was spurred by the Supreme Court's recent decision in Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499 (2007), issued after the April 14 Opinion, which addressed the proper standard for alleging scienter, a necessary element of each of the remaining claims.

Defendants argue that the Tellabs standard is stricter than that applied in the April 14 Opinion. Specifically, Tellabs requires that courts take into account plausible non-culpable inferences; to establish scienter, the inference of fraud must be "cogent" and "at least as compelling as an opposing, [non-culpable] inference . . . ." Tellabs, 127 S. Ct. at 2510. Instead, Defendants argue, the April 14 Opinion merely determined whether the inference of scienter was plausible, the same standard rejected in Tellabs.[1]

---

[1] Defendants have also advanced additional issues previously decided in the April 14 Opinion regarding allegations of

3

With regard to the issue of "cost savings and synergies," the April 14 Opinion found that

> Ligocki's comments upon becoming CEO [that "the culture of decentralization has prevented Tower from really leveraging economies of scale" and "[i]nsufficient focus was given to post merger integration"] and after Tower's bankruptcy filing [that Tower "had been run where each plant acted like its own $100-million to $300-million unit," and "[a]ll plants should have been integrated earlier as they were bought"] provided some evidence that Tower executives knew or should have known that Tower had not achieved the claimed cost savings, despite coming more than two and a half years later.

April 14 Opinion, at 14.

As found in the April 14 Opinion, at 21, Plaintiffs adequately alleged that cost savings and synergies had not in fact occurred. The above statements, taken in concert with substantiating allegations by confidential witnesses cited in the April 14 Opinion, establish an inference of

---

reliance, materiality and loss causation. Defendants have presented no justification for ignoring Local Civil Rule 6.3's requirement that a "motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion." Accordingly, this opinion shall only address the issue of scienter.

4

fraudulent intent at least as compelling as any opposing non-fraudulent inference. See Tellabs, 127 S. Ct. at 2510.

On the issue of the magnitude of Tower's early pay programs, the April 14 Opinion found that

> a confidential witness who was formerly Executive Vice President of Tower ("CW-4"), stated that the factoring arrangements were Tower's "life blood" and were routinely discussed at Board meetings, which CW-4 attended. (Compl. ¶¶ 57-60). Failure to give such a vital contributor to the company's liquidity more than a passing mention in its public statements for a period of years certainly gives rise to an inference of "conscious misbehavior or recklessness," especially where there is no question of defendants' knowledge.

April 14 Opinion, at 27-28 (quoting Kalnit v. Eichler, 264 F.3d 131, 138-39 (2d Cir. 2001)).

The April 14 Opinion went on to conclude that "Plaintiffs allege facts that form a sufficient basis for their contention that Tower's statements and (especially) omissions were misleading . . . ." Id. at 26.

Tower has argued that it was not under a duty to disclose the existence or magnitude of the early pay programs. However, "undisclosed information is material if

5

there is 'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information available.'" In re Time Warner Sec. Litig., 9 F.3d 259, 267-268 (2d Cir. 1993) (quoting TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976)). Plaintiffs adequately alleged such materiality and the intentional failure to adequately disclose such information. Accordingly, the fraudulent inference drawn from Tower's omissions meets the Tellabs standard.

Finally, the Complaint also adequately alleged scienter with regard to the statement that Tower had "secured a solution" to its cash flow. See April 14 Opinion, at 33. Taking the facts alleged in the Complaint as true, Tower was merely in the process of attempting to secure a solution. (See Compl. ¶¶ 149-58). Tower's current position appears to be that the non-fraudulent inference of inadvertent misstatement in its 8-K filing (or, at a minimum, poor wording) is more compelling than the strong inference of fraudulent intent found in the April 14 Opinion. While this argument is "plausible," it is no more so than the fraudulent inference previously found. April 14 Opinion, at 32.

6

For the foregoing reasons, the motion is denied.

It is so ordered.

**New York, N.Y.**
**February 27, 2008**

_____
ROBERT W. SWEET
U.S.D.J.