UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/09

|  |  |
|---|---|
| IN RE TOWER AUTOMOTIVE SECURITIES LITIGATION | Civil Action No. 1:05-cv-01926-RWS |

# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, entered March 13, 2009, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of February 10, 2009 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and all oral and written comments received regarding the proposed settlement, and having reviewed the entire record in the action, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over Lead Plaintiffs, all Members of the Settlement Class, and Defendants.

3. The Court finds that the distribution of the Notice and publication of the Summary Notice were effected in accordance with the Order Preliminarily Approving Settlement and Providing for Notice, entered on March 13, 2009 (the "Preliminary Approval Order") and: (i) constituted the best notice practicable under the circumstances to all persons within the definition

of the Settlement Class; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation; the effect of the Stipulation, including the releases; the right of potential Settlement Class Members to exclude themselves from the Settlement; and the right to object to the Settlement; and (iii) that such notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and any other applicable law.

4. In the Preliminary Approval Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified, for settlement purposes only, a Settlement Class consisting of all purchasers of the common stock and/or 6.75% Trust Convertible Preferred Securities of Tower between December 21, 2000 and February 1, 2005, inclusive, excluding: (i) Defendants; (ii) the Hidden Creek Defendants, (iii) members of the immediate family of each of the Defendants and the Hidden Creek Defendants; (iv) any subsidiary or affiliate of Tower; (v) any entity in which any excluded person has a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any excluded person. Also excluded from the Settlement Class and all releases set forth herein are those Persons identified in Exhibit A to this Order, who (although otherwise entitled to be in the Settlement Class) timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

5. The Court has received no objections to the Settlement, the Plan of Allocation or Plaintiffs' Application for Attorneys' Fees and Reimbursement of Expenses.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all

respects, fair, reasonable, and adequate as to the Settling Parties. This Court further finds the Settlement set forth in the Stipulation reflects a good faith settlement resulting from arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7.     The Litigation and all claims contained therein, including all of the Released Claims, are hereby dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise set forth herein and in the Stipulation.

8.     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all of the Released Parties from the Released Claims. Regardless of whether a Settlement Class Member receives any cash distribution under the Settlement or executes and delivers the Proof of Claim and Release provided for in the Stipulation, each and every Settlement Class Members, on behalf of themselves and their respective predecessors, successors, and assigns, is hereby deemed to have, and by operation of this Judgment, shall have fully, finally, and forever released, relinquished, and discharged all of the Released Parties from the Released Claims.

9.     Upon the Effective Date hereof, All Settlement Class Members shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in any other lawsuit, arbitration, or other proceeding of any kind against the Released Parties that is based upon any of the Released Claims.

10.    Upon the Effective Date hereof each of the Released Parties shall be deemed to have,

and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Plaintiffs' Settlement Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

11.   As provided under the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), upon the Effective Date: (i) each of the Defendants shall be deemed to have, and by operation of this Judgment shall be, fully, finally, and forever discharged from all claims for contribution brought by any other persons that arise out of the Litigation, and all such claims are hereby barred; and (ii) Defendants are hereby barred from asserting any claims for contribution arising out of the litigation against any person, other than a person whose liability has been extinguished by this Settlement.

12.   Notwithstanding any of the foregoing, nothing herein shall release any obligations owed by any of the Settling Parties pursuant to the terms of the Stipulation.

13.   Any plan of allocation submitted by Plaintiffs' Settlement Counsel or any order entered herein or otherwise regarding the application by Plaintiffs' Settlement Counsel for attorneys' fees and reimbursement of expenses shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

14.   Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of

any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Plaintiffs' Settlement Counsel are hereby awarded $ _1,337,500_ in attorneys' fees, which is _25_ percent of the principal amount of the Settlement Fund, which the Court finds to be fair and reasonable, and $ _785,242_ _30_ in reimbursement of costs and other expenses. The Fee and Expense Award shall be paid from the Settlement Fund to Plaintiffs' Settlement Counsel pursuant to the terms of the Stipulation. The award of attorneys' fees shall be allocated among Plaintiffs' counsel in a fashion which, in the sole opinion and discretion of the Plaintiffs' Settlement Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Litigation. Upon notice to Defendants' counsel, Plaintiffs' Settlement Counsel may, subsequent to the payment of the Fee and Expense Award hereinbefore described in this paragraph, apply to the Court for an award from the Settlement Fund of additional attorneys' fees and for reimbursement of additional costs and other expenses incurred in connection with the further administration of the Settlement.

16. Lead Plaintiffs Nathan F. Brand and Frederic Mohs and proposed Class Representative Ronald Anderson are awarded $1,000 each, to be paid from the Settlement Fund, to compensate them for the time and effort they contributed to the case on behalf of the Class.

17. The Plan of Allocation set forth in the Notice is hereby approved as fair, reasonable, and equitable.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains exclusive and continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) the parties to the Stipulation for the purpose of construing, enforcing, and administering the Stipulation.

19. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that Lead Plaintiffs and Plaintiffs' Settlement Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: May 27, 2009

HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE

Exhibit A to Final Judgment and Order of Dismissal with Prejudice
*In re Tower Automotive Securities Litigation*, Case No. 05-CV-1926 (RWS)

The following individuals have made timely requests for exclusion from the class herein, and are hereby excluded from the Class:

Daniel Lane
15573 Northville Forest Dr.
Apt. 215
Plymouth MI  48170

EWT, LLC
9242 Beverly Blvd.
Suite 300
Beverly Hills CA 90210

Guadalupe R. Loa
2644 Dunoon
El Paso TX  79925

Ronald A. Roderfeld
21 Lakeridge Trail
Alton IL  62002

Reg H. Larson
Box 97
Riceton, Sask.
SOG 4EO
Canada